UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| KANTI GALA, *et al.,* | )<br>) |
| Plaintiff(s), | ) Case No. 2:10-cv-0079-RLH-RJJ<br>) |
| vs. | ) **O R D E R**<br>) (Motion to Stay Arbitration–#4) |
| WILLIAM B. BRITT, *et al.,* | )<br>) |
| Defendant(s). | )<br>) |

Before the Court is Plaintiffs' **Emergency Motion to Stay Arbitration Proceedings** (#4, filed February 22, 2010). Defendants filed their Opposition (#5) on March 11, 2010. Plaintiffs filed a Reply (#7) on March 22, 2010. Confusion over who should address the motion has caused the delay in addressing it, for which the Court apologizes.

The parties are involved in the Amway distribution business. Plaintiffs are in the Line of Sponsorship of Defendants. Britt Worldwide, LLC, is a business entity established by Defendants and joined (by invitation) by Plaintiffs in 2002. A dispute arose between Plaintiffs and Defendants, and Plaintiffs filed a Demand for Arbitration under the Amway Global Rules of Conduct (which apparently uses JAMS as arbitrator) and selected an arbitrator. During the course of the arbitration proceedings, the arbitrator determined that the proceedings should proceed under the arbitration rules of the Britt Worldwide agreement (which apparently uses the AAA rules).

Plaintiffs now claim the arbitration clause is unconscionable and the "non-compete" clause is unenforceable because it constitutes an adhesion contract, and seeks to stay (or preliminarily enjoin) the arbitration proceedings so the matter can be decided by the Court. The Court finds the motion to be without merit and it will be denied.

Plaintiffs provide no rational basis for the argument that the Britt Worldwide agreement arbitration clause is unconscionable while the Amway Global arbitration clause is not. Furthermore, there is no rational or factual basis for the argument that Plaintiffs, who are experienced business people, with years of experience in this particular business, were somehow forced to sign an agreement with Defendants, who are experienced business people in the same business. There is no evidence that Plaintiffs were not agreeable to an arbitration provision. Both AAA and JAMS are reputable arbitration organizations, with reputable arbitrators.

Plaintiffs have presented no evidence that the arbitrator's decisions have been in error, or not based upon law or fact. Plaintiffs' only objection is which arbitration agreement will be used, and thus which arbitration organization will be used. There is no evidence that a different arbitrator would reach a different result. Accordingly, there is no evidence that Plaintiffs would prevail, or get different rulings with another arbitrator, or with this Court.

There is no evidence of irreparable injury or prejudice which would result if the arbitration is permitted to proceed. There is no evidence that proceeding with the arbitration would cause undue hardship on Plaintiffs. After all, they are the ones who demanded arbitration in the first instance.

It appears to the Court that Plaintiffs merely do not like some of the decisions by the arbitrator and want someone who might rule more favorably for them. Unfortunately for Plaintiffs, a mere claim that one arbitration clause is unconscionable, while another is not, when they agreed to both and entered into the agreements which, incidentally, have resulted in their being very successful financially, without providing any basis for such a claim, is insufficient to require this Court to stay the arbitration proceedings.

IT IS THEREFORE ORDERED that Plaintiffs' **Emergency Motion to Stay Arbitration Proceedings** (#4) is denied.

Dated: June 28, 2010.

_____
Roger L. Hunt
Chief United States District Judge