Paul J. Georgeson, Esq.
Nevada Bar No. 5322
McDONALD CARANO WILSON LLP
100 West Liberty Street, 10th Floor
P.O. Box 2670
Reno, Nevada 89505
Telephone: (775) 788-2000
pgeorgeson@mcdonaldcarano.com

J. William Blue, Jr., Esq.
NORTHEN BLUE, LLP
Post Office Box 2208
Chapel Hill, NC 27515-2208
Telephone: (919) 968-4441
jwb@nbfirm.com

Attorneys for Defendants and Counterclaimant

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \* \* \*

| | |
|---|---|
| KANTI GALA, an individual; HEMI GALA, an individual; GALA WORLDWIDE, INC., a Virginia corporation,<br><br>Plaintiffs,<br><br>vs.<br><br>WILLIAM B. BRITT, an individual; PEGGY BRITT, an individual; KANTI GALA (II), an individual; BRITT WORLDWIDE, LLC, a Nevada limited liability company; TRINITY EDUCATIONAL SYSTEMS, LLC, a Nevada limited liability company,<br><br>Defendants. | Case No. 2:10-cv-00079-RLH-RJJ<br><br><br><br><br><br>**STIPULATION AND ORDER TO DISMISS ACTION AND VACATE ALL ORDERS** |

//

//

//

//

|   |   |
|---|---|
| BRITT WORLDWIDE, LLC, a Nevada limited liability company,<br><br>     Counterclaimant,<br> vs.<br><br>KANTI GALA, an individual; HEMI GALA, an individual; GALA INTERNATIONAL, INC., a Virginia corporation,<br><br>     Counterdefendants.<br>_____/ |   |

WHEREAS, when Plaintiffs originally filed their Complaint in this matter, and subsequently requested other relief, Plaintiffs relied on allegations of diversity jurisdiction pursuant to 28 U.S.C. § 1332 to confer jurisdiction of the claims with this Court.

WHEREAS, when Defendants applied for enforcement of the underlying arbitration award pursuant to the Federal Arbitration Act, Defendants relied upon diversity jurisdiction pursuant to 28 U.S.C. § 1332 to confer jurisdiction of this Court over the Application for Enforcement of Arbitration Award.

WHEREAS, thereafter, this Court entered various Orders relating to the Complaint and enforcement of the underlying Arbitration Award.

WHEREAS, Plaintiffs appealed this Court's Orders to the Ninth Circuit Court of Appeals.

WHEREAS, on March 8, 2012, the Ninth Circuit Court of Appeals issued an Order directing the parties to address the issue of whether this Court and the Ninth Circuit Court of Appeals had jurisdiction over the claims in this matter based on the cases of *Johnson v. Columbia Prop. Anchorage, LP,* 437 F.3d 894, 899 (9th Cir. 2006) and *Mantin v. Broadcast Music, Inc.*, 244 F.2d 204, 206-07 (9th Cir. 1957).

WHEREAS, pursuant to *Johnson*, when addressing diversity jurisdiction when one of the parties is a limited liability company, the Court looks to the citizenship of each member of the LLC to determine if there is diversity of citizenship to confer federal court jurisdiction.

//

WHEREAS, Defendant Britt Worldwide, LLC had at least one member of Britt Worldwide, LLC who was a citizen of Virginia (as that term is defined for evaluation of diversity jurisdiction purposes) both at the time that Plaintiffs filed the Complaint in this matter on January 20, 2010 as well as at the time Defendants filed their Application for Enforcement of Arbitration Award on June 21, 2010.

WHEREAS, it is Plaintiff's position that Plaintiffs Kanti Gala and Hemi Gala are citizens of the State of Virginia for purposes of evaluation of diversity jurisdiction. Moreover, it is undisputed that Plaintiff Gala Worldwide, Inc. is a Virginia corporation with its principal place of business in Virginia, and is a citizen of the State of Virginia for purposes of diversity jurisdiction under 28 U.S.C. § 1332.

WHEREAS, all parties to this action ultimately determined that there is no valid diversity jurisdiction in this matter because at least one Plaintiff is a citizen of Virginia for purposes of evaluating diversity jurisdiction and, pursuant to *Johnson*, Britt Worldwide, LLC is also a citizen of Virginia for purposes of evaluating diversity jurisdiction because at least one member of Britt Worldwide, LLC is a citizen of Virginia.

WHEREAS, the parties agree that there is no independent basis for federal subject matter jurisdiction over the claims in the Complaint or the Application for enforcement of an arbitration award.

WHEREAS, oral argument was held at the Ninth Circuit Court of Appeals in this matter on March 16, 2012.

WHEREAS, at the time of the oral argument, the parties made the representations to the Court consistent with the facts identified above, relating to the apparent lack of diversity or subject matter jurisdiction.

WHEREAS, on April 4, 2012, the Ninth Circuit Court of Appeals entered its Order vacating the District Court's Judgment and remanding the case to the District Court to consider whether subject matter jurisdiction exists in this matter.

WHEREAS, as the parties represented to the Ninth Circuit Court of Appeals during oral argument, the parties acknowledge and agree that there is no basis for this Court having subject

matter jurisdiction over the claims of this action or over the application for enforcement of the arbitration award.

Therefore, the parties hereby acknowledge, stipulate, and agree as follows:

1. There is not now, nor has there ever been, diversity jurisdiction in this matter pursuant to 28 U.S.C. § 1332; and

2. There is no independent basis for subject matter jurisdiction over the claims asserted and other relief requested in this matter (including the Application for Enforcement of Arbitration Award filed by Defendants).

3. That because this Court has never had jurisdiction over this matter, all of the Orders issued by this Court are null, void, and must be vacated.

Dated this 25th day of April, 2012.                    Dated this 25th day of April, 2012.

McDONALD CARANO WILSON LLP                             CONNAGHAN/NEWBERRY LAW FIRM


By  /s/  Paul J. Georgeson                             By  /s/  Paul R. Connaghan
    Paul J. Georgeson                                      Paul R. Connaghan
    100 W. Liberty Street, 10th Floor                      7854 West Sahara Avenue
    Reno, NV 89501                                         Las Vegas, NV 89117
                                                           Nevada Bar No. 3229
*Attorneys for Defendants and
Counterclaimant*                                       *Attorneys for Plaintiffs and Counterdefendants*



3

**ORDER OF THE COURT**

THE DISTRICT COURT FINDS that it lacks subject matter jurisdiction, due to lack of diversity between the parties pursuant to 28 U.S.C. § 1332, for the original Complaint, the Defendants' Application for Enforcement of the Arbitration Award under the Federal Arbitration Act, or for any other relief requested by the parties; and

There is no independent basis for subject matter jurisdiction over the claims asserted or other relief requested in this matter (including the Application for Enforcement of Arbitration Award filed by Defendants).

THE DISTRICT COURT CONCLUDES THAT because this Court has never had jurisdiction over this matter, all of the Orders issued by this Court are null, void, and must be vacated.

THEREFORE, IT IS SO ORDERED that this matter is hereby dismissed for lack of subject matter jurisdiction, as to all parties and all claims, without prejudice.

IT IS HEREBY FURTHER ORDERED that all prior Orders issued by this Court are hereby vacated.

DATED: This 27th day of April, 2012.

_____
UNITED STATES DISTRICT JUDGE

334024.3/PJG:cj

4